# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

Maureen Lynch,

    Plaintiff,

v.

Randazzo Filice, Marcela Filice, Tracey Morganelli, Anne Dowdell, Adam McKay, Thomas Haas, Courtney Turney, Caren Snead Williams, JM Families Enterprises, Inc., a Florida Corporation, The Newport Group, Inc., a Delaware Corporation, Anne McTigue, Joshua Sheridan, Martha Aristizabal, and Busciglio & Sheridan Law Group, P.A., a Florida professional association,

    Defendants.

_____/

CASE NO. _____

## **NOTICE OF REMOVAL**

Under 28 U.S.C. §§ 1331, 1441(c), and 1446, Defendants the Newport Group, Inc. ("Newport") and Anne McTigue ("McTigue") (collectively, the "Newport Defendants") hereby give notice of the removal of this action to the U.S. District Court for the Middle District of Florida, Fort Myers Division. Removal is proper because this Court has federal question jurisdiction over the claim asserted against the Newport Defendants. Specifically, Plaintiff asserts a state law claim against the Newport Defendants that is completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"), providing this Court with

federal question jurisdiction.  Plaintiff also asserts the same claim, along with a related claim, against defendants JM Families Enterprises, Inc. ("JM Family"), Courtney Turney ("Turney"), and Caren Snead Williams ("Williams") (collectively, the "JM Family Defendants"), which are likewise preempted by ERISA.  The JM Family Defendants have consented to removal.[1]

As summarized in Sections 1-7 below and detailed in the Memorandum of Law that follows, removal is appropriate under 28 U.S.C. § 1441(c)(1), because the federally-preempted claims against the Newport Defendants and JM Family Defendants are joined with unrelated state-law claims against numerous other individual Defendants for which this Court does not have original or supplemental jurisdiction.  The Court should therefore retain jurisdiction over the ERISA-preempted claims against the Newport Defendants and JM Family Defendants (and Prudential) and remand the unrelated state-law claims pursuant to § 1441(c)(2).

1. **The State Court Action Filed by Plaintiff Maureen Lynch**

The underlying action is pending in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida.  The action is currently styled as *Lynch v. Filice, et al.*, Case Number 2023-CA-000213.  Plaintiff Lynch filed her original Complaint on January 13, 2023 and, later, her Amended Complaint on February 20, 2024, naming

---

[1] As detailed below, the state court recently consolidated with *Lynch* another case brought by a different plaintiff (Anne Dowdell) who does not assert claims against the Newport Defendants.  Evaluating the matters as a consolidated whole, as this Notice contemplates, confirms the appropriateness of removal under § 1441(c), because *Dowdell* involves materially identical ERISA-preempted claims against JM Family and Pruco Life Insurance Company ("Prudential"), both of which have consented to removal. Removal also is appropriate, however, even if the *Lynch* action is evaluated on its own.

additional defendants and asserting additional claims, including the claims against the Newport Defendants and the JM Family Defendants. On March 12, 2024, the state court entered an order consolidating *Lynch* with a related action, pending in the same court: *Dowdell v. Lynch, et al.*, Case No.: 23-CA-9988. For simplicity, we refer to the consolidated action as the "State Court Action." True and correct copies of the *Lynch* Amended Complaint, the *Dowdell* Complaint, and the consolidation order, are attached as Exhibits 1, 2, and 3 respectively. The State Court Action file is attached as Exhibits 4 and 5 (split to conform with CM/ECF file size limitations).

2. **Service of Process**

Newport and McTigue were served with the *Lynch* Amended Complaint on March 15, 2024 and March 26, 2024, respectively. Ex. 5 at pp. 564, 601. The Newport Defendants are not named in the *Dowdell* Complaint.

3. **The Complaints Filed In The Consolidated State Court Action**

   a. **Plaintiff Lynch's Amended Complaint**

Plaintiff Maureen Lynch's Amended Complaint asserts more than a dozen claims against 14 defendants. Two of those counts stand apart. Specifically, Counts XII(b)[2] and XIII relate to alleged actions by employees of Newport or JM Family related to the administration of the Executive Enhanced Life Insurance Plan ("Plan"), an employee benefit plan sponsored and administered by JM Family and in which

---

[2] The *Lynch* Amended Complaint labels two different Counts as "Count XII." We therefore refer to the first one, starting at ¶ 243, as Count XII(a), and the second one, starting at ¶ 253, as Count XII(b).

3

Plaintiff's deceased former spouse, John Lynch, was a participant. Ex. 1, Am. Compl. ¶¶ 253-273. All other Counts in the Amended Complaint assert state-law claims against individual Defendants unaffiliated with Newport and JM Family, who allegedly exploited their relationships with Mr. Lynch primarily in connection with the disposition of his IRA investments. *See, e.g.*, Ex. 1, Am. Compl. ¶¶ 128-135, 136-142, 237-242 (Counts I, II, XI, seeking declaratory judgments or similar relief concerning Mr. Lynch's IRA investments); *id.* ¶¶ 143-236, 243-252, 274-282 (Counts III-X, XII(a), and XIV alleging individual defendants unaffiliated with Newport or JM Family exploited their individual relationships with Mr. Lynch).

The thrust of the claims against the Newport Defendants and JM Family Defendants are as follows. Mr. Lynch was employed by JM Family, which provided him with life insurance benefits (the "Lynch Policy") under the Plan. Ex. 1, Am. Compl. ¶¶ 26-27. Under the Plan, JM Family was both Plan "Administrator" and named "Fiduciary." Ex. 1, Am. Compl. Ex. 2 at JMFE000094. Originally, Mr. Lynch designated Plaintiff as his sole beneficiary under the Plan, thereby entitling Plaintiff to the proceeds of the Lynch Policy in the event of his death. Ex. 1, Am. Compl. ¶ 27. Years later and shortly before Mr. Lynch's death, the Lynch's divorced, and Mr. Lynch executed a beneficiary "Change Form" designating someone other than Plaintiff as his beneficiary under the Plan. *Id.* ¶¶ 62-75, 78, 257. According to Plaintiff, the Pruco Life Insurance Company ("Prudential"), which issued the Lynch Policy, informed both Newport and JM Family that the "Change Form" Mr. Lynch signed before his death was "ineffective." *Id.* However, Plaintiff alleges that the JM Family

4

Defendants and the Newport Defendants withheld that information from Plaintiff, in violation of her rights and their duties under and in connection with the Plan.  *Id.* ¶ 263, 265-71.  As a result, Plaintiff claims she has not received Plan benefits and has incurred unnecessary expense.  *Id*. at ¶¶ 262-71.

### b.    Plaintiff Dowdell's Complaint

The *Dowdell* Complaint was filed by Mr. Lynch's sister, Anne Dowdell.  In her Complaint, Plaintiff Dowdell claims that *she* is entitled to the proceeds of the Lynch Policy under the Plan.  She does so through two counts, including one for Declaratory Judgment against JM Family and Prudential, *see* Ex. 2, *Dowdell* Compl. ¶¶ 69-100, and another for Breach of Contract against JM Family, *see id.* ¶¶ 101-110.  Plaintiff Dowdell does not assert any claim against the Newport Defendants.  Her breach of contract claim against JM Family alleges that she is the rightful beneficiary of insurance benefits under the Plan, and that she has been deprived of those benefits because JM Family failed to properly process a beneficiary "Change Form" that Mr. Lynch executed in her favor shortly before he died.  Plaintiff Dowdell also brings an unrelated claim against Cetera LLC seeking a declaration that she is entitled to the investment assets held in the IRA established by Mr. Lynch.  *Id.* ¶¶ 111-130.

### 4.    Grounds for Removal—28 U.S.C. §§ 1331, 1441(c)

As demonstrated in the accompanying Memorandum below, this action is removable under 28 U.S.C. §§ 1331 and 1441(c).  First, the lone claim against the Newport Defendants (Count XIII of the *Lynch* Amended Complaint) relates to an

5

ERISA-governed "welfare benefit plan" and is therefore completely preempted by ERISA, meaning this Court has original jurisdiction over the claim under 28 U.S.C. § 1331. *See id.* § 1441(c)(1)(A). Second, the same and similar claims against the JM Family Defendants and Prudential, are likewise completely preempted by ERISA, and those Defendants have consented to removal as required under § 1441(c)(2). *See* Exhibits 6 and 7, consents to removal from JM Family and Prudential, respectively. Third, the remaining claims against other Defendants in the consolidated State Court Action are not within the original or supplemental jurisdiction of this Court, and thus are properly remanded to the state court under § 1441(c)(2).

5. **Timeliness of Removal**

Removal is timely because Newport Group and McTigue are filing this Notice of Removal within 30 days of the service on Newport Group, which service occurred on March 15, 2024. 28 U.S.C. § 1446(b). Because McTigue was served on March 26, 2024, removal would be timely until April 25, 2024.

6. **Venue**

The State Court Action is pending in the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida. Therefore, the Middle District of Florida is the United States District Court to which this case must be removed, and the Fort Myers Division is the proper division. *See* 28 U.S.C. § 1441(a) (an action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending"); *id.* § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district

court of the United States for the district and division within which such action is pending a notice of removal[.]"); *id.* § 89(b) (M.D. Fla. "comprises" Lee County).

### 7. State Court Pleadings

Accompanying this Notice are Exhibits including, among other documents, copies of "all process, pleadings, and orders served upon" in the underlying State Court Action. 28 U.S.C. § 1446(a). *See* Exhibits 4 and 5. Promptly after the filing of this Notice, the Newport Defendants will file a copy of the same with the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, using the form attached hereto as Exhibit 8. *See* 28 U.S.C. § 1446(d).

## MEMORANDUM OF LAW IN SUPPORT OF REMOVAL

### I. The Court Has Federal Question Jurisdiction Under ERISA, Satisfying The Removal Requirements of 28 U.S.C. §§ 1331 and 1441(c)(1)(A).

1. This Court has federal question jurisdiction over the state law claims asserted in Counts XII(b) and XIII of the *Lynch* Amended Complaint, and Counts I and II of the *Dowdell* Complaint, because they are completely preempted by ERISA, and thus removable to this Court under 28 U.S.C. §§ 1331 and 1441(c)(1)(B).

2. The Supreme Court has repeatedly held that the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA, 29 U.S.C. 1132(a), prescribe the "exclusive" remedies available for employee benefit plan regulation. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) (citation omitted). The exclusivity of ERISA remedies is so strong that state law claims which amount to an alternate avenue for enforcing a claim to ERISA-governed rights and benefits permit removal

7

under federal question jurisdiction. *See, e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."). Indeed, ERISA's preemptive force carves out an exception to the well-pleaded complaint rule, requiring this Court must look beyond the claims in the State Court Action to, among other things, "the various plan documents" to determine whether the asserted claims "fall 'within the scope'" of Section 502(a) of ERISA. *Davila*, 542 U.S. at 211; *see also, e.g.*, *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

3. The Plan from which the claims against the Newport Defendants, the JM Family Defendants, and Prudential arise is an ERISA-regulated plan because it is a "split dollar" insurance agreement, which is considered a "welfare benefit plan" under ERISA. A "welfare benefit plan" is defined as "any plan, fund, or program which was . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise" and includes "benefits in the event of . . . death[.]" 29 U.S.C. § 1002(1).

4. Here, the Plan satisfies those requirements because: (a) it is maintained by an employer (JM Family); (b) under the Plan, JM Family purchases insurance on behalf of the employee, Mr. Lynch, and for the benefit of his surviving designated beneficiary or beneficiaries; (c) the insurance provides death benefits for the designated beneficiary or beneficiaries; and (d) the Plan also bears other hallmarks of ERISA

8

coverage, such as designating JM Family as the "Named Fiduciary" and Plan "Administrator" and also prescribing a detailed process for administering claims for benefits under the Plan. *See* Ex. 1, Am. Compl. at Ex. 2 at JMFE00091-97. The Plan is therefore very similar to other split-dollar insurance plans courts have found to be ERISA welfare benefit plans:

> The Split Dollar Plan satisfies all three criteria: 1) the intended benefits provided by the plan include death benefits as well as retirement income for Williams in the form of his right to make withdrawals from the excess net cash value accumulated under the insurance policies, 2) the class of beneficiaries includes Williams and any of his beneficiaries, and 3) insurance policies provide the source of paying benefits. Furthermore, HealthAlliance (then the Hospital) was designated the "named fiduciary" and "plan administrator" and it assumed responsibility for paying the premiums on Williams' life insurance policies and responding to requests for benefits by Williams or his beneficiaries. Accordingly, the Split Dollar Plan is an employee benefit plan subject to ERISA.

*Williams v. HealthAlliance Hosp., Inc.*, 135 F. Supp. 2d 106, 110 (D. Mass 2001). For these reasons, the Plan is clearly governed by ERISA.

5. Having established that the Plan is governed by ERISA, it becomes readily apparent that the claims against the Newport Defendants, the JM Family Defendants, and Prudential are preempted by ERISA. In *Davila*, the Supreme Court prescribed a two-prong assessment to determine whether ERISA preempts a state law claim: "(1) whether the plaintiff could have ever brought [her] claim under ERISA § 502(a) and (2) whether no other legal duty supports the plaintiff['s] claim." *Ehlen Floor Covering*, 660 F.3d at 1287 (citing *Davila*, 542 U.S. at 210); *see also, e.g., Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1346 (11th Cir. 2009) (recognizing same test). Both requirements are satisfied here.

6. *First*, Plaintiffs Lynch and Dowdell could have brought their claims under ERISA § 502(a)(1)(B), because they both seek to enforce alleged rights to life insurance benefits under the Plan. 29 U.S.C. § 1132(a)(1)(B) (providing a cause of action for participants or beneficiaries "to recover benefits due to" them, to "enforce [their] rights under" a plan, or "to clarify [their] rights to future benefits" under a plan). It makes no difference that Plaintiff Dowdell has styled these claims as sounding in contract, or that Plaintiff Lynch has styled her claims as "attempted" fraud (as to JM Family Defendants) and "conspiracy" to commit fraud in the concealment (as to the Newport Defendants and JM Family Defendants). Instead, that Plaintiffs seek relief that is clearly available under ERISA—namely, the recovery of insurance benefits under the Plan—confirms the statute's preemptive effect. *See Ehlen Floor Covering*, 660 F.3d at 1287 ("Regardless of its characterization as a state law matter, a claim will be re-characterized as federal in nature if it seeks relief under ERISA.").

7. Likewise, Plaintiff Lynch's attempt to recover amounts, beyond Plan insurance benefits, based on her contention that the Newport Defendants and the JM Family Defendants "conspired" to withhold information from her about her rights under the Plan—including that a beneficiary Change Form Mr. Lynch had executed prior to his death was "ineffective," meaning Plaintiff Lynch allegedly remained sole beneficiary under the Plan—is precisely the sort of claim that is properly asserted under ERISA § 502(a)(3). *See* 29 U.S.C. § 1132(a)(3) (permitting claims "to enjoin any act or practice which violates [ERISA rights and fiduciary duties] of the plan," or "to obtain other appropriate equitable relief . . . to redress such violations").

Unsurprisingly, then, courts commonly permit the removal of such purported state-law claims on ERISA-preemption grounds.  *See, e.g.*, *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 681–82 (S.D. Tex. 2003) (holding that "conspiracy to defraud claim" involving allegations that plan service providers knowingly participated in alleged breaches of duty by plan fiduciaries was "completely preempted" by ERISA based on the "relief available in [ERISA] § 502(a)(3)"); *Jenkins v. Moses H. Cone Mem'l Health Servs. Corp.*, 2016 WL 9406697, at *5–6 (E.D.N.C. Dec. 30, 2016) (holding that breach of contract claims against ERISA plan service provider were preempted because they "fall[] within the scope of [ERISA] § 502(a)(3)").

8.     In sum, the gravamen of both Plaintiffs' claims—as they relate to the Newport Defendants, the JM Family Defendants, and Prudential—is their alleged entitlement to the same life insurance benefits under the Plan.  *See* Ex. 1, Am. Compl. at ¶¶ 257, 271; Ex. 2, *Dowdell* Compl. ¶¶ 69-110.  They both base their claimed entitlement on Plan-related documents purporting to designate them as a beneficiary of those life insurance benefits, each making different arguments for the purported effect of those documents under the terms of the Plan.  Moreover, both Plaintiffs allege that JM Family (in the case of Dowdell) or JM Family Defendants and the Newport Defendants (in the case of Lynch) violated their respective duties under and in connection with the proper administration of the Plan.  Not only do these claims seek to enforce alleged rights to ERISA-plan benefits and recover for alleged violations of those rights by the JM Family Defendants (in the case of Dowdell) and both the JM Family and Newport Defendants (in the case of Lynch), but the claims of both

11

Plaintiffs will necessarily require the Court to interpret the Plan's terms. Thus, there is no question that the claims by Plaintiff Lynch against the Newport Defendants and JM Family Defendants, and the claims by Plaintiff Dowdell against the JM Family Defendants and Prudential are completely preempted under ERISA.

9. *Second*, the above claims do not implicate any other legal duty that would allow the claims to avoid ERISA's broad preemptive effect. As discussed, both Plaintiffs base their claims on the terms of the Plan, and the proper interpretation and application of its provisions concerning the designation of Plan beneficiaries. Because the Plan is governed by ERISA, any duty pertaining to the proper application and interpretation of its provisions necessarily arises under ERISA. So too, any allegation that the JM Family Defendants or the Newport Defendants acted in violation of the Plan's terms or the rights of Lynch (or Dowdell) under the Plan, concern only duties arising under ERISA. *See, e.g.*, *Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 813 F.3d 1333, 1338 (11th Cir. 2015) (claims that "necessarily depend upon a breach of the ERISA plan" did "not arise out of a separate duty independent of the plan" and were completely preempted); *Alliance Med, LLC v. Blue Cross & Blue Shield of Ga., Inc.*, 2016 WL 3208077, at *3 (N.D. Ga. June 10, 2016) (holding that claims for "misrepresentation, fraud, unfair trade practices, theft by deception, and RICO conspiracy" were "within the scope of ERISA" where the "gravamen of these fraud based claims [was] the difference between" rates paid to certain providers and "representations made" to customers in connection with the sale of insurance policies).

10. Thus, both elements of the preemption analysis prescribed in *Davila* are easily satisfied. Plaintiff Lynch's claims against the Newport Defendants and JM Family Defendants, and Plaintiff Dowdell's claims against JM Family and Prudential, properly arise, if at all, under ERISA and are therefore completely preempted. Accordingly, this Court has original jurisdiction over those claims under 28 U.S.C. § 1331, and as required for removal purposes under § 1441(c)(1)(A).

II. **The Remaining Claims Against Other Defendants In The State Court Action Do Not Invoke This Court's Original Or Supplemental Jurisdiction, Thereby Satisfying The Requirements of 28 U.S.C. § 1441(c)(1)(B).**

11. None of Plaintiffs' other claims against other Defendants in the State Court Action implicate this Court's original or supplemental jurisdiction. On the contrary, these are the sort of state-law claims described in 28 U.S.C. § 1441(c)(1)(B) that are properly severed from the ERISA-preempted claims discussed above, and remanded back to the state court pursuant to § 1441(c)(2).

12. **No Original Jurisdiction.** None of the claims in Counts I-XII(a) or Count IX of the *Lynch* Amended Complaint implicate federal law. Likewise, Count III of the *Dowdell* Complaint does not implicate federal law. Thus, the Court does not have original jurisdiction over those claims based on any federal question. The Court likewise lacks diversity jurisdiction over the claims in the consolidated State Court Action because there is not complete diversity between Plaintiffs (including a Florida resident) and Defendants (including Florida residents). *See* Ex. 1, Am. Compl. at ¶¶ 2–13; Ex. 2, *Dowdell* Compl. ¶¶ 3, 7-10.

13. **No Supplemental Jurisdiction**. Neither should the Court exercise supplemental jurisdiction over the non-ERISA-preempted claims in the *Lynch* and *Dowdell* complaints. To exercise supplemental jurisdiction, those claims would need to arise from the same common nucleus of operative facts as the ERISA-preempted claims. *See Harvin v. JPMorgan Chase Bank, N.A.*, 2023 WL 2910627 at *2 (11th Cir. Apr. 12, 2023) ("The test for a common nucleus of operative fact is whether the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one.") (*citing Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013)). But they do not.

14. To start, the state-law claims asserted by Plaintiff Lynch in Counts I–XII(a) and XIV of her Amended Complaint involve only individual Defendants who have no affiliation with Newport or JM Family. None of these individual Defendants is alleged to have played any formal role in the administration of the Plan. Indeed, the claims asserted in these counts are based upon completely unrelated facts alleged to support allegations that these individual Defendants exploited their unique relationships with Mr. Lynch, primarily, in connection with the disposition of money he had invested in an IRA. The IRA was not an employee benefit plan, and neither Newport nor JM Family is alleged to have had anything to do with it. *Compare, e.g.*, Ex. 1, Am. Compl. at ¶¶ 128–252, 274–282 *with* Ex. 1, Am. Compl. at ¶¶ 253–273. Simply put, state-law claims against numerous, individual Florida residents pertaining primarily to IRA investments that Newport and JM Family had nothing to do with cannot form any common nucleus of operative facts with the ERISA-preempted

claims against the Newport and JM Family Defendants such that this Court could properly exercise supplemental jurisdiction over the former.

15.   The same goes for the unrelated claim by Plaintiff Dowdell against Cetera, which pertains exclusively to Mr. Lynch's IRA investments.  *See* Ex. 2, *Dowdell* Compl. ¶¶ 111-130 (Count III).  It has nothing to do with the Plan.  And it has nothing to do with JM Family or Prudential, either.  Accordingly, those claims provide no basis for supplemental jurisdiction.

16.   For the above reasons, the claims by Plaintiffs against Defendants in the consolidated State Court Action, other than those against Newport Defendants, the JM Family Defendants, and Prudential do not implicate this Court's original or supplemental jurisdiction.  These claims therefore fall squarely within the category of state-law claims described in 28 U.S.C. § 1441(c)(1)(B).

### III. The Court Should Remand The Claims Against All Defendants Other Than The Newport Defendants, JM Family Defendants, and Prudential.

17.   As provided in 28 U.S.C. § 1441(c)(2), when the Court has original jurisdiction over federal claims, but lacks jurisdiction over joined state-law claims, the party seeking removal (here, the Newport Defendants) does not need to obtain consent to removal from those defendants who are the subject of the joined state-law claims. Instead, the removing party must obtain consent only from any other defendant to the federal-law (e.g., ERISA-preempted) claims, and the state-law claims against all other defendants must be remanded to the state court.

18. Here, as evidenced by the attached Ex. 6, each of the JM Family Defendants, through counsel, has consented to the removal of this action under § 1331 and 1441(c). So too, Prudential has consented to removal. *See* Ex. 7. Accordingly, the Court should enter an order, pursuant to § 1441(c)(2), remanding only the state-law claims against all other Defendants—specifically those asserted in Counts I-XII(a) and XIV of the *Lynch* Amended Complaint and Count III of the *Dowdell* Complaint—back to the state court.

Dated this 15th day of April 2024.    Respectfully submitted,

/s/ Alexander Castro
Alexander Castro
alexander.castro@morganlewis.com
Florida Bar No. 1003630
Morgan, Lewis & Bockius LLP
600 Brickell Avenue, Suite 1600
Miami, Florida 33131-3075
Telephone:  305.415.3000
eFacsimile:  305.415.3001

Christopher J. Boran
(*pro hac vice application forthcoming)*
Illinois Bar No. 6282552
christopher.boran@morganlewis.com
Morgan, Lewis & Bockius LLP
110 North Wacker Drive
Chicago, Illinois 60606-1511
Telephone: 312.324.1146
eFacsimile: 312.324.1001

Brian W. Sullivan
(*pro hac vice application forthcoming*)
Pennsylvania Bar No. 208728
brian.sullivan@morganlewis.com
Morgan, Lewis & Bockius LLP
2222 Market Street

16

        Philadelphia, Pennsylvania 19103-3007
        Telephone: 215.963.5758
        eFacsimile: 215.963.5001

*Counsel for Defendants The Newport Group, Inc. and Anne McTigue*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 15 2024, I caused to serve a copy of the foregoing on all parties identified below via Federal Express.

        */s/ Alexander Castro*
        Alexander Castro

**SERVICE LIST**

David Adams, Esq.
Zachary Glaser, Esq.
BENNET, JACOBS & ADAMS, P.A.
2109 E. Palm Avenue, Suite 300
Tampa, Florida 33605
dadams@bja-law.com
zglaser@bja-law.com
bgarcia@bja-law.com

*Attorneys for Randazzo Filice and Marcella Filice*

Paul A. Gionis, Esq.
Mario Romero, Esq.
GIONIS, LILLY & ROMERO, PLLC
1299 Main Street, Suite C
Dunedin, Florida 34698
pgionis@gionislilly.com
mromero@gionislilly.com
eroy@gionislilly.com

*Attorneys for Maureen Lynch*

Aimee Creed, Esq.
D'ARCAMBAL, OUSLEY & CUYLER BURK LLP
40 Fulton St., #1501
New York, New York 10038
Acreed@darcambal.com

Sierra Steele, Esq.
Stevie E. Baker, Esq.
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
255 S. Orange Avenue, Suite 900
Orlando, FL 32801
Sierra.steele@qpwblaw.com
Sbaker.pleadings@qpwblaw.com

*Admitted Pro Hac Vice*

*Attorneys for Pruco Life Insurance Company*

Ryan Roman, Esq.
Michael C. Marsh, Esq.
Selena A. Gibson, Esq.
AKERMAN LLP
201 E. Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Ryan.roman@akerman.com
Michael.marsh@akerman.com
Selena.gibson@akerman.com

*Attorneys for JM Family Enterprises, Inc., Caren Snead Williams, Courtney Turney*

Thomas Haas
21204 Braxfield Loop
Estero, FL  33928
Haasthomas671@gmail.com

Zachary S. Knoblock, Esq.
WINGET SPADAFORA
SCHWARTZBERG, LLP
One Southeast Third Avenue
Suite 1950
Miami, Florida  33131
Knoblock.z@wsllp.com
Flservice@wsllp.com

*Attorneys for Adam McKay*

Douglas T. Gould, Esq.
Adam J. Cretella, Esq.
Linde Law Group
3001 Tamiami Trail N., Suite 204
Naples, Florida 34103
dgould@lindelawgroup.com
acretella@lindelawgroup.com
courtfilings@lindelawgroup.com

*Attorneys for Anne Dowdell*

Robin D. Merriman II, Esq.
Meredith A. McBride, Esq.
The Merriman Law Firm, P.L.L.C.
9200 Estero Park Commons, Blvd.
Suite 4
Estero, Florida 33928
rm@merriman-law.com
mc@merriman-law.com
db@merriman-law.com
bc@merriman-law.com

*Attorneys for Tracey Morganelli*

Jeffrey Albinson, Esq.
Goldstein Albinson Proulx
410 South Ware Boulevard, Suite 806
Tampa, Florida 33619
jalbinson@gapfirm.law
lonovan@gapfirm.law

*Attorneys for Joshua Sheridan, Martha Aristizabal, and Busciglio & Sheridan Law Group, P.A.*