UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAUREEN LYNCH, individually,

    Plaintiff,

v.                                         Case No.: 2:24-cv-340-SPC-NPM

RANDAZZO FILICE, MARCELA FILICE, TRACEY MORGANELLI, ANNE DOWDELL, ADAM MCKAY, THOMAS HAAS, COURTNEY TURNEY, CAREN SNEAD WILLIAMS, JM FAMILIES ENTERPRISES, INC., THE NEWPORT GROUP, INC., ANNE MCTIGUE, JOSHUA SHERIDAN, MARTHA ARISTIZABAL and BUSCIGLIO & SHERIDAN LAW GROUP, P.A.,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court are Defendants JM Family Enterprises, Inc., Caren Snead Williams, and Courtney Turney's ("JM Family Defendants") Motion for Rule 11 Sanctions (Doc. 48) and Plaintiff's Response (Doc. 64). For the below reasons, the Court denies the motion.

Going through the factual background in great detail is unnecessary to resolve the sanctions motion. It suffices to say that this case arose from competing claims to life insurance proceeds and certain Defendants' handling

of those claims. (Doc. 5). Plaintiff originally sued in state court. Defendants removed to federal court (Doc. 1) and then moved for sanctions (Doc. 48). Defendants argue Rule 11 sanctions are warranted because the allegations in the amended complaint are factually and legally baseless. Several other motions are currently pending, including motions to remand and to dismiss.

Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record[.]" Fed. R. Civ. P. 11(a). And by presenting such a document to the Court, "whether by signing, filing, submitting, or later advocating it," an attorney certifies that to the best of his or her knowledge it is not presented for an improper purpose, its legal contentions are warranted, and its factual contentions or denials of factual contentions have support. Fed. R. Civ. P. 11(b). If a document violates one of these certifications, then the Court may sanction the attorney, law firm, or party. Fed. R. Civ. P. 11(c).

But "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Mason Classical Acad., Inc v. Arnn*, No. 2:22-CV-513-JLB-NPM, 2023 WL 6196855, at *5 (M.D. Fla. Sept. 22, 2023) (citation omitted). This extraordinary remedy is inappropriate at this juncture for two reasons.

First, when a case is removed from state court (like here), "Rule 11 does not apply to pleadings filed before removal." *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994). JM Family Defendants' sanctions motion relies exclusively on the amended complaint filed in state court. (*See, e.g.*, Doc. 48 at 13, 16 (reciting paragraphs of the amended complaint)). And, while post-removal advocacy can support Rule 11 sanctions, the Defendants' motion does not rely on any of Plaintiff's post-removal filings. This is problematic, as Rule 11 mandates that the sanction motion "describe the *specific conduct* that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2) (emphasis added).

Second, JM Family Defendants' motion is premature. Plaintiff's claims against JM Family Defendants are in their infancy. Bogged down in early motion practice, the Court has yet to even enter a scheduling order in this case. At this stage, the Court should not resolve the dispositive arguments presented in the sanctions motion. As one court has observed under very similar circumstances:

> Thus, upon review, most of Defendants' arguments for sanctions under Rule 11 seek to test the veracity, substance, or merits of the allegations of Plaintiff's amended complaint. . . Moreover, several of the bases for Rule 11 sanctions are the same grounds raised in Defendants' motions to dismiss, the merits of which have not yet been resolved. . . Under these circumstances, and because the basis for Defendants' request for Rule 11 sanctions is the pleadings, it is appropriate to deny the

3

      request for sanctions under Rule 11 without prejudice as premature.

*Wright v. Edwards*, No. 6:24-CV-196-WWB-LHP, 2024 WL 4769682, at *2 (M.D. Fla. Nov. 13, 2024). That is the prudent course of action here as well.

Accordingly, it is now

**ORDERED:**

JM Family Defendants' Motion for Sanctions (Doc. 48) is **DENIED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on February 6, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record